IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ANTONIO S. BEATTIE,** :
:
    **Plaintiff** : **CIVIL NO. 1:CV-08-00622**
:
    v. : **(Judge Rambo)**
:
**MASON,** *et al.***,** :
:
    **Defendants** :

## M E M O R A N D U M

Before the court is Plaintiff Antonio Beattie's ("Beattie") motion for reconsideration of the court's memorandum and order of April 7, 2010 (Doc. 70), granting summary judgment in favor of Defendants Bernadette Mason and Pennsylvania State Trooper Shawn Kofluk. (Doc. 72.) For the reasons that follow, the instant motion (Doc. 72) will be denied.

## I. Background

Beattie, an individual formerly incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy") in Frackville, Pennsylvania, initiated this action with a civil rights complaint pursuant to 42 U.S.C. § 1983 on March 31, 2008, as amended on March 23, 2009. (Doc. 54.) Beattie asserted claims for false arrest and false imprisonment, as well as a construed claim of malicious prosecution, in connection

with his arrest and resulting imprisonment for failing to register under Megan's Law. More specifically, Beattie claimed that Trooper Kofluk did not have probable cause to arrest him for failing to provide a forwarding address as part of his registration as a sex offender under Megan's Law. In support of that claim, Beattie asserted that he had secured a place at the Ridge Avenue Shelter in Philadelphia following his release from incarceration, but Defendant Mason refused to provide that information to PSP. Rather, Defendant Mason reported Beattie to PSP for failing to accept a place in a shelter in Reading that she had attempted to secure for him prior to his release. As a result of his arrest, Beattie argued, he was falsely imprisoned in the Schuylkill County Prison while awaiting trial on the failure to register charges, which were later dropped.

By memorandum and order dated April 7, 2010, the court granted summary judgment in favor of Defendants Mason and Kofluk. (Doc. 70.) In that memorandum and order, the court found that qualified immunity shields Defendants Mason and Kofluk from suit because Beattie's constitutional rights had not been violated. Specifically, the court concluded that a reasonable jury could not conclude that Defendants lacked probable cause sufficient to effectuate Beattie's arrest. Without a finding of no probable cause, Beattie was unable to establish his claims for false

arrest, false imprisonment, and malicious prosecution.  Thus, summary judgment was granted in favor of Defendants.

Consequently, Beattie filed the instant motion for reconsideration.  (Doc. 72.)  In his motion, Beattie restates his facts and arguments presented in his opposition to Defendants' motion for summary judgment.  After careful review, the court will deny the motion.

## II. Discussion

A motion for reconsideration is a device of limited utility.  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the

3

adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Applying the standard used when a party seeks reconsideration, the court concludes that Beattie has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Additionally, Beattie's restated arguments do not constitute new evidence that was unavailable when the court entered judgment. While Beattie may disagree with the findings and outcome, the court finds no basis to reconsider the earlier decision. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: November 10, 2010.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTONIO S. BEATTIE,** | : | |
| | : | |
| Plaintiff | : | **CIVIL NO. 1:CV-08-0622** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **MASON,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 72) is **DENIED**.

                                                      s/Sylvia H. Rambo
                                                  United States District Judge

Dated: November 10, 2010.